UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br>2025 Guadalupe Street, Suite 260<br>Austin, Texas 78705,<br><br>         Plaintiff,<br> -against-<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>-and-<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201,<br><br>         Defendants. | Civil Action No. 1:24-cv-406 |

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants Centers for Disease Control and Prevention ("**CDC**") and U.S. Department of Health and Human Services ("**HHS**," together with CDC, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 522(a)(4)(B).

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization with an office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705 and is in good standing with the Texas Secretary of State.

4. Defendant CDC is an agency within the Executive Branch of the United States Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On November 1, 2021, Plaintiff sent a FOIA request **("First Request")** to CDC seeking copies of the following records:

> **All data sets for the study titled "Laboratory-Confirmed COVID-19 Among Adults Hospitalized with COVID-19-Like Illness with Infection-Induced or mRNA Vaccine-Induced SARS-CoV-2 Immunity – Nine States, January – September 2021" published in the Morbidity and Mortality Weekly Report dated October 29, 2021, available at https://www.cdc.gov/mmwr/volumes/70/wr/mm7044e1.htm?s_cid=mm7044e1_w and attached hereto as Exhibit A.**

(**Exhibit 1**)

7. On November 3, 2021, the First Request was received and assigned #22-00235-FOIA. (**Exhibit 2**)

8. On April 14, 2022, CDC sent Plaintiff its final determination letter which stated in relevant part:

2

> **No data sets can be provided based on the data use agreement [attached as a courtesy to you]. Specifically see page 3, section g, which includes the following statement regarding third parties:**
>
> **"Third-Party Access. Recipient must not (nor permit others to) copy, sell, rent, license, lease, or loan the Data covered by this Agreement to any other person or entity. No other access shall be granted to a third-party except as expressly permitted under this Agreement or required by law. The Centers for Disease Control and Prevention is a third party and has been permitted access under this Agreement"**
>
> **Also, the EOC suggested you review the publicly available data sharing agreement for a study from the VISION Network published in NEJM, the PI (CDC staff) states that "CDC will share aggregate data once study objectives are complete and consistent with data use agreements with partner institutions" https://www.nejm.org/doi/suppl/10.1056/NEJMoa2110362/suppl_file/nejmoa2110362_data-sharing.pdf**

(**Exhibit 3**)

9. Plaintiff submitted its appeal to CDC's final determination concerning its First Request on July 13, 2022, challenging the CDC's withholding of information and adequacy of search. (**Exhibit 4**)

10. On July 13, 2022, the appeal for Plaintiff's First Request was received and assigned case number 2022-00205-A-PHS. (**Exhibit 5**)

11. On November 5, 2021, Plaintiff sent a FOIA **("Second Request")** request to CDC seeking copies of the following records:

> **A copy of the analysis plan, including any drafts, amendments, and the final version, for the study titled "Laboratory-Confirmed COVID-19 Among Adults Hospitalized with COVID-19-Like Illness with Infection-Induced or mRNA Vaccine-Induced SARS-CoV-2 Immunity – Nine States, January – September 2021" published in the Morbidity and Mortality Weekly Report dated October 29, 2021, available at https://www.cdc.gov/**

3

>   **mmwr/volumes/70/wr/mm7044e1.htm?s_cid=mm7044e1_w
>   and attached hereto as Exhibit A.**

   (**Exhibit 6**)

   12. On November 9, 2021, the Second Request was received and assigned #22-00298-FOIA. (**Exhibit 7**)

   13. On December 28, 2022, CDC sent Plaintiff its final determination letter which stated in relevant part:

>   **The analysis plan for the referenced MMWR was drafted and maintained by a contractor and was discussed with CDC over teleconference; SMEs did not receive copies of the analysis plan.**
>
>   **The analytical methods used in the referenced MMWR are described in detail in the publication and Supplemental Appendices linked below:**
>
>   **Publication:
>   https://www.nejm.org/doi/full/10.1056/nejmoa2110362
>   Supplemental Appendices:
>   https://www.nejm.org/doi/suppl/10.1056/NEJMoa2110362/suppl_file/nejmoa2110362_appendix.pdf**

   (**Exhibit 8**)

   14. Plaintiff submitted its appeal to CDC's final determination concerning its Second Request on March 22, 2023, challenging the CDC's adequacy of search. (**Exhibit 9**)

   15. On March 23, 2023, the appeal for Plaintiff's Second Request was received and assigned case number 2023-00108-A-PHS. (**Exhibit 10**)

   16. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, HHS has failed to make a determination with respect to Plaintiff's appeals as concerns its First and Second Requests.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

17. Plaintiff realleges the previous paragraphs as if fully stated herein.

18. Defendants were required to make a final determination on Plaintiff's appeals no later than twenty (20) business days from acknowledgement of the appeals.

19. Defendants failed to make a final determination on Plaintiff's appeals within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

20. Defendants are in violation of FOIA.

## COUNT II
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

21. Plaintiff realleges the previous paragraphs as if fully stated herein.

22. Defendants have failed to establish that they adequately applied an exemption to the withheld information and data.

23. Defendants are in violation of FOIA.

## COUNT III
## FAILURE TO ESTABLISH AN ADEQUATE SEARCH
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

24. Plaintiff realleges the previous paragraphs as if fully stated herein.

25. For appeal Case No. 2022-00205-A-PHS and 2023-00108-A-PHS, Defendants have failed to establish that they adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeals.

26. Defendants are in violation of FOIA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA appeals are unlawful under FOIA;

b. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's First and Second FOIA Requests and a *Vaughn* index of any responsive records withheld under any claimed exemption;

c. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

d. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

e. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

f. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 10, 2024                    SIRI & GLIMSTAD LLP

*/s/ Elizabeth A. Brehm*
Elizabeth A. Brehm, DC Bar No. NY0532
R. Scott Pietrowski, MS Bar No. 99387
(*pro hac vice* to be filed)

Siri & Glimstad LLP
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
ebrehm@sirillp.com
spietrowski@sirillp.com